IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

RECEIVED
OCT 29 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

OCT. 29, 2007

| | |
|---|---|
| UNITED STATES OF AMERICA EX REL. ) <br> JUAN SANCHEZ JR, ) <br> PETITIONER, ) <br> ) <br> VS. ) <br> ) <br> WARDEN EDDIE JONES, ) <br> RESPONDENT. ) | 07CV6099 <br> JUDGE MANNING <br> MAG. JUDGE DENLOW |

JH

## PETITION FOR HABEAS CORPUS RELIEF

NOWCOMES THE Petitioner, JUAN SANCHEZ, JR., Pro Se and MOves this Honorable Court Pursuant to 28 U.S.C § 2254 of the Code of Federal Civil Procedure to Vacate the Conviction and Sentence entered in this Instant matter. In support thereof, the Petitioner States as follows:

1.) The Petitioner was Charged and Convicted and Sentenced in

the Circuit Court of Cook County, Illinois located in Chicago, Illinois on 2650 South California 60608.

2.) The Petitioner was Convicted on November 19, 2001, and Sentenced to natural Life on Decenmber 17, 2001 on the Charge of Criminal Sexual Assault.

3.) The Petitioner was Found Guilty after a Bench Trial before the Honorable Henry Simmons Jr., after a Plea of Not Guilty.

4.) The Petitioner ultimately timely filed a notice of Appeal to the First District Appellate Court of Illinois Located in the city of Chicago, and that Court affrimed the Petitioner's Direct Appeal on November 4, 2003 ( case no. 1-02-0102).

5.) The Petitioner subsequently filed a Petition for leave to Appeal to the Illinois Supreme Court, which was denied on January 28, 2004 and the Mandate Issued February 19, 2004.

6.) The Petitioner thereafter filed His Initial Post-Conviction Petition on JUNE 30, 2004, in the Circuit court of Cook County, Which the Circuit Court Summariliy Dismissed on or about July 23, 2004.

7.) The Petitioner Timely Appealed the Circuit court's Summary Dismissal of His Post-Conviction Petition, Which the First District Court Affrimed the Summary Dismissal On June 6, 2006.

8.) The Petitioner Subsequently File a Petition For leave to Appeal to the Illinois Supreme Court on June 27, 2006, which that Court Denied the Leave to Appeal on November 29, 2006, with the Mandate to issue January 4, 2007.

9.) The Petitioner never recieved any Evidentiary Hearings in Case as to the Issues in this matter beyond Trial and the issues in the Petitioner's Post-Conviction has never beed addressed on there Merits.

10.) The Petitioner Contends that He was denied His Right to Due Process of the Law as Guarateed by the Fourteenth Amendment of United States Constitution, where the Petitioner's Mandatory Setence of Natural Life in Prison without Parole Violates the Illinois and United States Constitution.

11.) The Petitioner Contends that he was denied Due Process of the Law as Guaranteed by the Fourteenth Amendment of the United States Constitution. where the Petitioner's Natural Life Sentence is Unconstitutionally Disproportinate because the Law Imposes a Harsher Penalty on the Petitioner, who was Convicted of Aggravated Criminal Sexual Assault after he had been Previousl Convicted of Criminal Sexual ASsualt, than had He committed the More serious offenses of Female genital Mutilation or First Degree Murder, with the Same Prior Conviction.

12.) The Petitioner Contends that He was Denied His Rights to Due Process of Law as Guaranteed by the Fourteenth Amendment of the United States Constitution. Where The Statute Authorizing the Petitioner's Natural Life Sentence is UnConstitutional under **APPRENDI V. NEW JERSEY**, and His Sentence Violates His Right to a Trial by Jury Guaranteed by the Illinois and United States Constitution.

13.) The Petitioner Contends that he was Denied His Rights to Due Process of the Law as Guaranteed by the Fourteenth Amendment of the United States ConStitution. Where the Circuit Court Summarily Dismissed the Petitioner's Post-Conviction Petition that alleged a Gist of a Constitutional Claim that Trial Counsel failed to Prepare and present His Client's Testimony, thereby denying the Petitioner's right to testify on his own behalf. The Petition also alleged that a witness, whom Counsel did not call would have testified that the Police arrested the Petitioner after entering Her Home without permission.

14.) The Petitioner Contends that since all of His Issues in His Post-Conviction Should be review at this Level due to the Circuit Court's Summary Dismissal and the Petitioner's Claim that this was in error of the Circuit Court.

WHEREFORE FOR THE REASONS STATED HEREIN ABOVE, the Petitioner Prays for an Order Granting Him a New Trial or Sentencing Hearing.

RESPECTFULLY SUBMITTED,

_____
MR. JUAN SANCHEZ JR.
REG. NO. R09249
700 W. LINCOLN ST.
PONTIAC, ILL 61764

ORIGINAL

IN THE UNITED STATES ~~IN THE~~ DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS.

JUAN SANCHEZ JR.,
Plaintiff/Petitioner

Vs

WARDEN EDDIE JONES,
Defendant/Respondent

No. _____

## PROOF/CERTIFICATE OF SERVICE

TO: Office of Clerk of The U.S District Court / U.S. COURTHOUSE Chicago IL, 60604

TO: ATTORNEY GENERAL: LISA-MURRAY Madigan 100 WEST. Randolph ST. 12th FLOOR. Chicago IL, 60601.

PLEASE TAKE NOTICE that on October 22, 2007, I placed the documents listed below in the institutional mail at Pontiac C.C. Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service OF Petition FOR HABEAS CORPUS RELIEF. -And- Motion To Proceed In Forma Pauperis /And- CERTIFICATE.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109 I declare, under penalty of perjury that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge and belief.

DATED: 10/22/07.

/s/
Name: JUAN SANCHEZ JR.
IDOC No. R-09249
Pontiac Correctional Ctr.
P.O.B. 99
Pontiac, IL 61764