IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America ex rel.<br> JUAN SANCHEZ, JR., | )<br>)<br>) | |
| Petitioner, | )<br>) | |
| v. | )<br>) | No. 07 C 6099 |
| EDDIE JONES, Warden,<br> Pontiac Correctional Center, | )<br>)<br>) | The Honorable<br>Blanche M. Manning, |
| Respondent. | ) | Judge Presiding. |

## MOTION TO DISMISS AS TIME-BARRED

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts[1] and 28 U.S.C. §2244(d)(1)(A), respondent EDDIE JONES moves this Court to dismiss the instant petition for writ of habeas corpus and, in support, states as follows:

---

[1] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts contemplates that the respondent's response to the petition may be by "motion, or other response." In this vein, the Committee Notes explain that where a "dismissal may be called for on procedural grounds," a response by motion could "avoid burdening the respondent with the necessity of filing an answer on the substantive merits of a petition." Advisory Committee Notes to Rule 4, 1976 Adoption. This reasoning remains in force following the 2004 amendments to Rule 4. *See* Advisory Committee Notes to Rule 4, 2004 Amendments ("[t]he amended rule [4] reflects that the response to the habeas petition may be a motion"). *See also* Advisory Committee Notes to Rule 5, 2004 Amendments (Rule 4 permits the filing of pre-answer motions to dismiss, and "reflects the view that if the court does not dismiss the petition, it may require (or permit) the respondent to file a motion").

1.      Petitioner JUAN SANCHEZ, JR. – identified as prisoner number R09249 – is in the custody of Eddie Jones, warden of the Pontiac Correctional Center in Pontiac, Illinois.

2.      Following a bench trial in the Circuit Court of Cook County, Illinois, petitioner was sentenced to life imprisonment after being convicted of aggravated criminal sexual assault.  *See People v. Sanchez*, 800 N.E.2d 455, 458-59 (Ill.App. 1st Dist. 2003) (Exhibit A).  He appealed his conviction, and the Illinois Appellate Court affirmed on November 4, 2003.  *See id.*  Petitioner filed a petition for leave to appeal (PLA) in the Illinois Supreme Court, which was denied on January 28, 2004.  *See* Order Denying PLA, *People v. Sanchez*, No. 97501 (Ill. 2004) (Exhibit B).

3.      Petitioner filed a petition for postconviction relief under 725 ILCS 5/122-1, *et seq.*, on June 25, 2004,[2] which was dismissed on July 23, 2004. *See* Affidavit of Affirmation in Petition for Postconviction Relief (Exhibit C); Notification of Dismissal of Postconviction Petition (Exhibit D).  The dismissal was affirmed on June 6, 2006.  *See People v. Sanchez*, No. 1-04-2986 (Ill.App. 2006) (Exhibit E).  Petitioner filed a PLA in the Illinois Supreme Court, which was denied on November 29, 2006.  *See* Order Denying PLA, *People v. Sanchez*, No. 103127 (Ill. 2006) (Exhibit E).

---

[2] In the instant federal habeas petition, petitioner alleges that he filed his postconviction petition on June 30, 2004.  *See* Pet. at 2.  Although this discrepancy affects the calculation of time elapsed, it does not affect the ultimate conclusion that the petition is untimely.  Respondent uses the earlier date (June 25, 2004) as the date of filing of the postconviction petition.

4.    On October 22, 2007, petitioner filed in this Court the instant petition for writ of habeas corpus under 28 U.S.C. §2254(d), raising four arguments:

(a)    his natural life sentence was unconstitutionally disproportionate to the seriousness of the offense;

(b)    his natural life sentence violates his right to a jury trial under *Apprendi* and the Illinois Constitution;

(c)    his trial counsel was ineffective for failing to prepare and present petitioner's testimony at trial; and

(d)    his trial counsel was ineffective for failing to call a witness to testify that petitioner was arrested after police entered the witness' home without permission.

5.    The instant petition should be dismissed with prejudice because it is untimely under 28 U.S.C. § 2244(d)(1), which imposes a one-year statute of limitations for filing habeas petitions.  Petitioner does not allege a State impediment to filing, a newly recognized and retroactive constitutional right, or a subsequent discovery of the factual predicate of a claim.  *See* 28 U.S.C. §2244(d)(1)(B)-(D).  Therefore, the date on which petitioner's conviction became final is the only applicable date on which to start section 2244(d)(1)'s one-year limitations period.  *See* 28 U.S.C. §2244(d)(1)(A).

6.    Because petitioner did not file a petition for writ of certiorari in the United States Supreme Court after his direct appeal proceedings concluded on January 28, 2004, the statute of limitations began to run 90 days from that date, or on April 27, 2004.  *See* USSC Rule 13(1); *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2000) (statute of limitations begins to run under § 2244(d)(1)(A) when

direct appeal of conviction in state courts is concluded, including 90-day period in which petition for writ of certiorari could be filed in United States Supreme Court).

7.    Fifty-nine days of untolled time elapsed from that date until petitioner filed a state postconviction petition, on June 25, 2004.  Under § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for postconviction relief.  28 U.S.C. § 2244(d)(2); *Wilson v. Battles*, 302 F.3d 745, 747 (7th Cir. 2002).  Thus, the limitations period was tolled during the pendency of that postconviction action until November 29, 2006, when the Illinois Supreme Court denied the resulting PLA on postconviction review.  *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083-84 (2007) (statute of limitations for federal habeas petition tolled only during pendency of state postconviction proceeding, but not during any time used to seek certiorari in United States Supreme Court after postconviction review by state courts is concluded).

8.    Petitioner did not place the instant federal habeas petition in the prison mail system until October 22, 2007, or 327 days after the conclusion of his state postconviction proceedings.  When added to the 59 days that elapsed between the conclusion of his direct appeal and the initiation of his postconviction proceedings, a total of 386 days had elapsed – or 21 days after the limitations period expired when calculated under §2244(d)(1)(A).

9.    Petitioner has not argued that equitable tolling should excuse his untimely filing.  *See, e.g.*, *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (equitable tolling generally permissible on federal habeas review only if petitioner

demonstrates that (1) he has been pursuing his rights diligently; and (2) some "extraordinary circumstance" prevented timely filing); *Escamilla v. Jungwirth*, 426 F.3d 868, 872 (7th Cir. 2005) (citing *Pace*).  On this record, no viable argument for equitable tolling is evident, as petitioner has not pursued his rights diligently (for instance, he waited for nearly a year to file his federal habeas petition in this Court, despite having allowed 59 days of the limitations period to lapse between the end of his direct appeal and the initiation of postconviction proceedings), and no "extraordinary circumstance" prevented him from complying with AEDPA's limitations period. Thus, petitioner is not entitled to equitable tolling.

10.    Accordingly, because this habeas petition was filed beyond the limitations period provided by §2244(d)(1)(a), it should be dismissed with prejudice.

11.    The following state-court materials, relevant to the disposition of this motion, are filed under separate cover:

Exhibit A:    *People v. Sanchez*, 800 N.E.2d 455 (Ill.App. 1st Dist. 2003);

Exhibit B:    Order Denying PLA, *People v. Sanchez*, No. 97501 (Ill. 2004);

Exhibit C:    Affidavit of Affirmation in Petition for Postconviction Relief;

Exhibit D:    Notification of Dismissal of Postconviction Petition;

Exhibit E*:    People v. Sanchez*, No. 1-04-2986 (Ill.App. 2006); and

Exhibit F:    Order Denying PLA, *People v. Sanchez*, No. 103127 (Ill. 2006).

## <u>CONCLUSION</u>

This Court should dismiss petitioner's § 2254 petition with prejudice because it is time-barred under § 2244(d)(1)(A).  If this Court determines that the petition is timely, respondent requests an opportunity to address the merits of, and any procedural defenses to, petitioner's claims in a subsequent submission within 30 days of this Court's order denying this motion.

December 26, 2007                              Respectfully submitted,


                                              LISA MADIGAN
                                              Attorney General of Illinois

                              By:    s/Erica R. Seyburn
                                     ERICA R. SEYBURN, Bar # 6287357
                                     Assistant Attorney General
                                     100 West Randolph Street, 12th Floor
                                     Chicago, Illinois 60601-3175
                                     PHONE: (312) 814-2139
                                     FAX: (312) 814-2253
                                     E-MAIL: eseyburn@atg.state.il.us

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 26, 2007, I electronically filed respondent's MOTION TO DISMISS with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system; and mailed the same by United States Postal Service to the following non-registered party: Juan Sanchez, #R09249, Pontiac Correctional Center, 700 W Lincoln St., P.O. Box 99, Pontiac, IL 61764.

LISA MADIGAN
Attorney General of Illinois

By:    s/Erica Seyburn_____
ERICA R. SEYBURN, Bar # 6287357
Assistant Attorney General
100 West Randolph Street, 12th Floor
Chicago, Illinois 60601-3175
PHONE: (312) 814-2139
FAX: (312) 814-2253
E-MAIL: eseyburn@atg.state.il.us