IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

**FILED**
**FEB 0 5 2008**
2-5-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JUAN SANCHEZ, JR.,         )
    PETITIONER.            )
                           )
VS.                        )   CASE NO. 07-C-6099
                           )
EDDIE JONES, WARDEN OF THE )
PONTIAC CORRECTIONAL FACILITY, )
    RESPONDENT.            )

## PETITIONER'S REPLY TO THE RESPONDENT'S MOTION TO DISMISS

NOWCOMES The Petitioner, JUAN SANCHEZ JR., Pro Se, and Moves This Honorable Court to Deny the Respondent's Motion To Dismiss the Petitioner's Petition For Habeas Corpus relief and Grant the Relief Requested. In support thereof, The Petitioner States as Follows:

1.) In the Respondent's Motion to Dismiss the Petitioner's Petition For Habeas Corpus Relif, The Respondent Raises the Affirmative Defense that the Petitioner's Petition is Time Barred and Does not respond to the Merits of Said Petition. **SEE RESPONSE FROM RESPONDENT.**

2.) The Petitioner contends that His Petition is not Time Barred as the Respondent asserts, where the Petitioner Diligently followed up with Timely Filing The Required Pleadings in the Appropreate Court's to Advance His Case to the Instant Court, all Pro Se and being of Limited Education. **SEE PETITIONER's PENDING MOTION FOR APPOINTMENT OF COUNSEL ON FILE; (EXHIBIT A)-**

3.) The Petitioner Contends that the Days in question by the Respondent that the Petitioner is Over the one Year Time Period in which to file His Habeas Petition is not accurate. Where inmate Filings are Filed when the Inmate Deposit His or Her Pleadings in the Institutional Mail For Filing, and the Petitione has no Control over when He Receives Court orders in which to Properly Respond. **HOUSTON V. LACK**, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245; SEE ALSO FEDERAL APP.R 4(c) and 25(a)

4.) Therefore, The Time Period in Which the Petitioner had to File His Petition For Heabeas Corpus Relief should be Caculated from the Point in which the Petitioner Placed His Pleadings in the State Court in the Institutional Mail for Mailing to the Court Through the United States Postal Service.

5.) The Antiterrorism and Effective Death Penalty Act of 1996, sets a One Year Time Period in which a Petitioner is to file a Petition For Habeas Corpus Relief from State Court Judgment, and that Limitations Period is Tolled while a State Prisoner seeks to exhaust His State Remedies. CAREY V. SAFFOLD, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260; CLAY V. UNITED STATES, 537 U.S. 522, 527-529, 123 S.Ct. 1072, 155 L.Ed.2d 88; 28 U.S.C. § 2254

6.) In the Case at Bar, The Petitioner Contends that He Placed His Petition For Habeas Corpus Relief in the Institutional Mail at the Pontiac Correctional Facility within the One Year Time Period in One Year From the Illinois Supreme Court's Denial of His Petition For Leave to Appeal Concerning His State Post-Conviction Petition. O'SULLIVAN V. BOERCKEL, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1; ANDERSON V. LITSCHER, 281 F.3d 672

7.) After an accurate Caculation of the Tolling of the One Year Time Limitation in which the Petitioner had to File His Habeas Petition, and this Honorable Court Should Find that The Pro Se Limited Education Petitioner has Missed His Deadline by a Couple of Days. The Petitioner Contends that The Issues in the Case at Bar falls with in the exceptional Circumstances to allow this Court to address the Issues setforth in the Habeas Petition, where a Miscarriage of Justice will accure and Fundamental Fairness so Requires. SEE DUNCAN V. WALKER, 533 U.S. 167, 121 S. Ct. 2120, 150 L.Ed.2d 251; EDWARDS V. CARPENTER, 529 U.S. 446, 120 S.Ct. 1587, 146 L.Ed.2d 518; BOUSLEY V. U.S., 523 U.S.614, 118 S.Ct. 1604, 140 L.Ed.2d 828

8.) The Petitioner Contends that Should This Court Find that the Petitioner's Habeas Petition is Timely as the Respondent points out in their Prayer for relief of their Response. The Petitioner Contends that the Respondent Should not be Allowed to respond to the Merits of the Petitioner's Habeas Petition where the Respondents have willfully failed to address the Merits and Wavier or Forfeiture equally applies to the State. SEE <u>TREST V. CAIN</u>, 522 U.S. 87, 118 S.Ct. 478; <u>PIGGIE V. COTTON</u>, 342 F.3d 660; <u>BUGGS V. UNITED STATES</u>, 153 F.3d at 444; <u>HENDERSON V. THIERET</u>, 859 F.2d 492; <u>UNITED STATES V. JACQUES</u>, 345 F.3d 960

WHEREFORE, FOR THE FOREGOING REASONS, The Petitioner prays for an Order Denying The Respondent's Response to the Petitioner's Petition For Habeas Corpus Relief.

RESPECTFULLY SUBMITTED,

_____
MR. JUAN SANCHEZ JR.
REG. NO. R09249
700 W. LINCOLN ST.
PONTIAC CORRECTIONAL FACILITY
PONTIAC, ILL 61764

EXHIBIT A

Original



**Illinois**
Department of
**Corrections**

Rod R. Blagojevich
Governor

Roger E. Walker Jr.
Director

Pontiac Correctional Center / 700 W. Lincoln Street / P.O. Box 99 / Pontiac, IL  61764 / Telephone: (815) 842-2816 / TDD: (800) 526-0844

## MEMORANDUM

TO: Robert Griffin
Assistant Warden of Programs

FROM: Augustin Twagilimana
Educational Facility Administrator

RE: Revised Protective Custody-West Segregation Release
Library Schedule

I am requesting the following library schedule be implemented immediately:

| Day | Morning | Location | Afternoon |
|---|---|---|---|
| Monday | 8:30 – 10:00 | SPC 5 Gallery | 12:00 – 2:00 SPC 7 Gallery |
| Tuesday | 8:30 – 10:00 | SPC 7 Gallery | 12:00 – 2:00 SPC 5 Gallery |
| Wednesday | 8:30 – 10:00 | SPC 6 & 8 Galleries | 12:00 – 2:00 1 & 3 Galleries |
| Thursday | 8:30 – 10:00 | SPC 1 & 3 Galleries | 12:00 – 2:00 6 & 8 Galleries |
| Friday | 8:30 – 10:00 | Offender library workers/patrons as assigned | 12:00 – 2:00 West Seg Release |

A Security Officer will need to be assigned to the library to cover the above times.

The maximum amount of offenders allowed in the library at one time is 35, excluding workers.

APPROVED: _Robert Griffin_  2/07/06
Robert Griffin, Assistant Warden of Programs

MGS/pr

cc: Warden Pierce                Library Officer
    A/W Leibach                  Library Chron File
    7-3 Shift Commander
    Major D. Kennedy, SPC
    Lt. R. Brewer, SPC
    Lt. C. Shaw, SPC
    West Seg Lt.
    SPC Cage
    West Cage

Exhibit #A.

Original

IN THE UNITED STATES DISTRICT COURT
Northern District of Illinois.

U.S ex rel. JUAN Sanchez JR.  )
Plaintiff/Petitioner          )
                              )
           Vs.                )
                              )    No. 07-C-6099
Eddie Jones, Warden of The    )
Defendant/Respondent          )
  Pontiac C.C.                )
  Facility.

PROOF/CERTIFICATE OF SERVICE

TO: Clerk of the U.S District Court, U.S Courthouse 219 South Dearborn St. Chicago Illinois 60604

TO: Lisa Murray Madigan Attorney General's office 100 west Randolph St. 12th Floor Chicago Illinois 60601

PLEASE TAKE NOTICE that on January 29, 2008, I placed the documents listed below in the institutional mail at Pontiac C.C. Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service.

Respond to Motion to Dismiss

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109 I declare, under penalty of perjury that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge and belief.

DATED: 1/29/08

/s/ Juan Sanchez Jr.
Name: Juan Sanchez Jr.
IDOC No. R-09249
Pontiac Correctional Ctr.
POB 99
Pontiac, IL 61764