IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America ex rel. JUAN SANCHEZ, JR., <br>     Petitioner, <br><br>     v. <br><br> EDDIE JONES, Warden, <br>     Respondent. | ) ) ) ) ) ) ) ) ) | 07 C 6099 |

## MEMORANDUM AND ORDER

Petitioner Juan Sanchez's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and the respondent's motion to dismiss are before the court. For the following reasons, the court finds that Sanchez's petition is time-barred and, therefore, grants the respondent's motion to dismiss.

## Background

Respondent Eddie Jones is the warden of the Pontiac Correctional Center, where petitioner Juan Sanchez (prisoner number R09249) is currently incarcerated. Following a bench trial in the Circuit Court of Cook County, Sanchez was convicted of aggravated criminal sexual assault and received a mandatory sentence of life imprisonment. *See People v. Sanchez*, 344 Ill.App.3d 74 (1st Dist. 2003). He appealed and the Illinois Appellate Court affirmed on November 4, 2003. *See id*. Sanchez then filed a timely petition for leave to appeal ("PLA") with the Illinois Supreme Court, which denied the PLA on January 28, 2004. *See People v. Sanchez*, No. 97501 (Ill. Jan. 28, 2004) (unpublished order). Sanchez did not file a petition for a writ of certiorari with the United States Supreme Court.

Almost five months passed before Sanchez again turned to the courts. On June 25, 2004, Sanchez filed a state court post-conviction petition.[1] *See People v. Sanchez*, No. 99 CR 2258 ("Affidavit of Affirmation" signed by Sanchez). This petition was dismissed on July 23, 2004, and the Illinois Appellate Court affirmed on June 6, 2006. *See People v. Sanchez*, No. 1-04-2986 (1st Dist. Jun. 6, 2006) (unpublished order). Sanchez filed a PLA with the Illinois Supreme Court, which was denied on November 29, 2006. *See People v. Sanchez*, No. 103127 (Ill. Nov. 29, 2006) (unpublished order). As with his direct appeal, Sanchez did not file a petition for a writ of certiorari with the United States Supreme Court.

On October 22, 2007, Sanchez signed his federal habeas petition, which was filed with this court on October 29, 2007.

## **Discussion**

A one-year statute of limitations applies to petitions for a writ of habeas corpus. 28 U.S.C. § 2244(d). The statute of limitations begins to run when the latest of several events occur, including the one applicable here: the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A). As noted above, the Illinois Supreme Court denied Sanchez's PLA in his direct appeal on January 28, 2004, and Sanchez did not file a petition for a writ of certiorari with the United States Supreme Court.

---

[1] In Sanchez's federal habeas petition, he alleges that he filed his state post-conviction petition on June 30, 2004. The court will use the earlier June 25, 2004, date as it is consistent with state court filings in Sanchez's post-conviction case, including an affirmation filed with the state court by Sanchez. In any event, for the reasons discussed in this order, Sanchez's federal habeas petition is untimely regardless of which date is correct.

For statute of limitation purposes, if a habeas petitioner does not seek certiorari, his direct appeal concludes ninety days after the state court of last resort denies relief. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2000). Thus, the one-year statute of limitations began to run ninety days after January 28, 2004, which is April 27, 2004. On April 27, 2004, the statute of limitations clock began ticking. Fifty-nine days then passed before Sanchez filed his state post-conviction petition on June 25, 2004.

Under § 2244(d)(2), a properly filed application for post-conviction relief tolls the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). Sanchez's state post-conviction petition thus stopped the statute of limitations clock, which remained stopped until November 29, 2006, when the Illinois Supreme Court denied Sanchez's PLA. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083-84 (2007) (when a petitioner does not file a petition for a writ of certiorari with the United States Supreme Court, the limitations period begins to run when the state court of last resort rules on the petitioner's post-conviction appeal); *Gildon v. Bowen*, 384 F.3d 883, 885-86 (7th Cir. 2001) (same).

At this point, Sanchez had used up fifty-nine days of the 365-day limitations period, so he had 306 days (365 minus 59) left in which to file a federal habeas petition. Sanchez, however, appears to have believed that he had a year after the Illinois Supreme Court denied his PLA in his state post-conviction case in which to file a federal habeas petition. Thus, on October 22, 2007 – 327 days after the conclusion of his state post-conviction proceedings – Sanchez mailed his federal habeas petition. Unfortunately for Sanchez, 327 days + 59 days = 386 days so Sanchez's petition is untimely.

Sanchez asks the court to overlook the statute of limitations problem because he is pro se and has only a limited education. The court construes this argument as a request for equitable tolling. This doctrine, if applicable, allows the court to reach the merits of a late § 2254 petition if it finds that before the statute of limitations ran (*i.e.*, before Sanchez used up his 365-day limitations period), the statute was tolled (*i.e.*, stopped).

To be entitled to equitable tolling, a habeas petitioner must show (1) that he has been pursuing his rights diligently; and (2) an extraordinary circumstance prevented him from filing his federal habeas petition on time. *See Lawrence v. Florida*, 127 S. Ct. at 1085. Mistakes in calculating the limitations period after the conclusion of state post-conviction proceedings do not constitute "extraordinary circumstances" even if a prisoner is unrepresented, as prisoners pursuing post-conviction relief have no constitutional right to counsel. *Id*. This is the situation here, as Sanchez made an mistake calculating the limitations period.

The court sympathizes with Sanchez's predicament: he is far from the first pro se litigant who has been confused by the tolling rules. Nevertheless, mistakes of law "that might not be obvious to an unrepresented prisoner . . . are not a basis for equitable tolling" even if they are reasonable. *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004); *see also Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) ("[m]istakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling. Indeed, permitting equitable tolling of a statute of limitation for every procedural or strategic mistake made by a litigant (or his attorney) would render such statutes of no value at all to persons or institutions sued by people who don't have good, or perhaps any, lawyers") (internal

citations and quotations omitted).  The Seventh Circuit has explicitly held that this rule applies to pro se habeas corpus petitioners.  *Williams v. Sims*, 390 F.3d at 963 (collecting cases).

Accordingly, the court finds that equitable tolling is unavailable.  This means that the court has no choice but to find that Sanchez's § 2254 petition is untimely because it was filed after the one-year statute of limitations had expired.  *See* 28 U.S.C. § 2244(d).

## Conclusion

For the above reasons, the respondent's motion to dismiss [#9] is granted and Sanchez's petition for relief under 28 U.S.C. § 2254 [# 1] is denied as time-barred.  The clerk is directed to enter a Rule 58 judgment and to terminate this case from the court's docket.

DATE: May 20, 2008

_____
Blanche M. Manning
United States District Judge