IN THE UNITED STATES DISTRICT COURT
FOR THE ___Northern___ DISTRICT OF ILLINOIS

FILED
JUN 3 0 2008
Jun 30 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Juan Sanchez, Jr.,
    Plaintiff/Appellant,

vs.

Eddie Jones,
    Defendant/Appellee(s).

Case No. ___07 CV 06099___

### NOTICE OF APPEAL

Notice is hereby given that Plaintiff, ___Juan Sanchez, Jr.___, pro se, appeals to the United States Court of Appeals for the Seventh Circuit, the decision of the United States District Court for the ___Northern___ District of Illinois, denying/dismissing his ___Habeas Corpus Petition___. The Order of the District Court was entered on ___May 20___, 200_8_.

Respectfully submitted,

[signature] Roquiq
Plaintiff/Appellant
6-19-08

## SEVENTH CIRCUIT COURT OF APPEALS INFORMATION SHEET

Include the names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal.  Use a separate sheet if needed.

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION DOCKET NUMBER: 07 cv 6099

| PLAINTIFF (Petitioner) | v. | DEFENDANT (Respondent) |
|---|---|---|
| Sanchea/appellant | | Jones/appellee |

(Use separate sheet for additional counsel)

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | Juan Sanchez Jr. | Name | Erica R. Seyburn |
| Firm | pro-se  #R09249 | Firm | Il. Atty General |
| Address | Pomtiac -PON<br>P.O. Box 99<br>Pontiac, Il. 61764 | Address | 100 W. Randolph<br>Chgo.Il. 60601 |
| Phone | | Phone | 312) 814-2139 |

| Other Information | | | |
|---|---|---|---|
| District Judge | Manning | Date Filed in District Court | 11/29/07 |
| Court Reporter | P. Mullen   X-5565 | Date of Judgment | 5/20/08 |
| Nature of Suit Code | 530 | Date of Notice of Appeal | 6/30/08 |

COUNSEL:    Appointed [ ]    Retained [ ]    Pro Se [X]

FEE STATUS:    Paid [ ]    Due [ ]    IFP [X]

IFP Pending [ ]    U.S. [ ]    Waived [ ]

Has Docketing Statement been filed with the District Court Clerk's Office?    Yes [X]    No [ ]

If State/Federal Habeas Corpus (28 USC 2254/28 USC 2255), was Certificate of Appealability:

Granted [ ]    Denied [ ]    Pending [X]

If Certificate of Appealability was granted or denied, date of order: _____

If defendant is in federal custody, please provide U.S. Marshall number (USM#): _____

**IMPORTANT: THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(A).   Rev 04/01**

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604-1874

FILED
JUN 30 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DOCKETING STATEMENT

Type Of Action

_____ Civil

__Federal Habeas Corpus__ Criminal/Prisoner

_____ Cross Appeal

District __Northern__   Judge __Blanche M. Manning__
District Court Docket Number __1:07-CV-06099__
Statute or other authority establishing jurisdiction in the : __28 U.S.C. § 2254__
   District Court __NORTHERN DISTRICT__
   Court Of Appeals __SEVENTH CIRCUIT__

A.  Timeliness Of Appeal
   1.  Date of entry of judgment or order appealed from __MAY 20, 2008__.
   2.  Date this Notice Of Appeal filed __June 19, 08__.
   3.  Filing date of any post-judgment motion filed by any party which tolls time under FRAP 4(a) (4) or 4(b) __NONE__
   4.  Date of entry of order deciding above post-judgment Motion: __N/A__
   5.  Filing date of any motion to extend time under FRAP 4(a) (5) or 4(b) __NONE__

B.  Finality of Order of Judgment
   1.  Is the order or judgment appealed from a final decision on the merits?
   Yes ( )    No (X)
   2.  If No, a.) Did the District Court order entry of judgment as to less than all claims or all parties pursuant to FRCP 54(b)?
   Yes ( )    No (X)
   b.) Is the order appealed from a collateral or interlocutory order reviewable under any exception to the finality rule?
   Yes ( )    No (X)

If yes, explain _____ N/A _____

(Criminal Only)

    3.  Has the defendant been convicted?  Yes (X)  No ( )

    4.  Has a sentence been imposed?  Yes (X)  No ( )
        Natural Life w/out Parole.

    5.  Is the defendant incarcerated?  Yes (X)  No ( )

C.  Has this case previously been appeal?  Yes (X)  No ( )
If yes, give the case name, docket number and disposition of each prior appeal on a separate sheet. (SEE Exhibit A.)

D.  Are any related cases or case raising related issues pending in this court, any district court of this circuit, or the Supreme Court?  Yes ( )  No (X)
If yes, cite the case and the manner in which it is related on a separate sheet.

E.  State the nature of the suit, the relief sought, and the outcome below.

F.  Issues to be raised on appeal. Attach one additional page if necessary.

G.  Is settlement being discussed? Yes ( ) No ( )  N/A

H.  Is disposition on motion, memoranda, or an abbreviated briefing schedule appropriate? Yes ( ) No (X) If yes, explain on a separate sheet.

    Is oral argument necessary? Yes (X) No ( )

I.  Were there any in-court proceedings below? Yes (X) No ( ) Is a transcript necessary for this appeal? Yes (X) No ( ) If yes, is transcripts already on file with the district court? Yes (X) No ( ) If transcripts is not already on file, attach copy 1 of transcripts order.

J.  List each adverse party to the appeal. Attach additional sheets if necessary. If no attorney, give address and telephone number of the adverse party.

1.  Adverse Party Richard A. Devine
    Attorney States Attorney
    Address 69 W. Washington St. 32nd Floor Chicago IL, 60602.

Lisa M. Madigan
100 W. Randolph St. 12th Floor.
Chicago IL, 60601

-2-

K.  Appellant(s) Name  Juan Sánchez JR.

If incarcerated, give identification number  #R-09249

P.O Box 99

Pontiac IL, 61764

Telephone Number  N/A

L.  Attorney or pro se litigant filing Docketing Statement. Will you be handling the appeal? Yes ( )  No (XX)

Name  N/A — Request For Appointment of Counsel.

Attorney ( )  Pro Se ( )  N/A

Firm  N/A

Address  N/A

N/A

Telephone Number  N/A

If this is a joint statement by multiple appellants, add the names and addresses of other appellants and counsel joining in this Docketing Statement on additional sheet, accompanied by a certification that all appellants concur in this filing.  NO

Signature  [signed]  R-09249

Date: 6/19/08

1. Additional pages, if any, containing extended answers to questions on this form.  yes

2. A copy of the order of judgment from which the appeal is taken.  yes

3. Copy 1 of the transcript order, if any.  NO

4. A certificate of Service.  yes.

-3-

UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.1.3
Eastern Division

Juan Sanchez Jr.
                Plaintiff,

v.                                         Case No.: 1:07−cv−06099
                                                             Honorable Blanche M. Manning

Eddie Jones
                Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, May 20, 2008:

       MINUTE entry before the Honorable Blanche M. Manning: The respondents motion to dismiss [9] is granted and Sanchezs petition for relief under 28 U.S.C. § 2254 [1] is denied as time−barred. The clerk is directed to enter a Rule 58 judgment and to terminate this case from the courts docket. Enter Memorandum and Order. Civil case terminated. Mailed notice(rth, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **United States of America ex rel. JUAN SANCHEZ, JR.,** | ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | 07 C 6099 |
| **EDDIE JONES, Warden,** | ) ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

Petitioner Juan Sanchez's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and the respondent's motion to dismiss are before the court. For the following reasons, the court finds that Sanchez's petition is time-barred and, therefore, grants the respondent's motion to dismiss.

**Background**

Respondent Eddie Jones is the warden of the Pontiac Correctional Center, where petitioner Juan Sanchez (prisoner number R09249) is currently incarcerated. Following a bench trial in the Circuit Court of Cook County, Sanchez was convicted of aggravated criminal sexual assault and received a mandatory sentence of life imprisonment. *See People v. Sanchez*, 344 Ill.App.3d 74 (1st Dist. 2003). He appealed and the Illinois Appellate Court affirmed on November 4, 2003. *See id*. Sanchez then filed a timely petition for leave to appeal ("PLA") with the Illinois Supreme Court, which denied the PLA on January 28, 2004. *See People v. Sanchez*, No. 97501 (Ill. Jan. 28, 2004) (unpublished order). Sanchez did not file a petition for a writ of certiorari with the United States Supreme Court.

Almost five months passed before Sanchez again turned to the courts. On June 25, 2004, Sanchez filed a state court post-conviction petition.[1] *See People v. Sanchez*, No. 99 CR 2258 ("Affidavit of Affirmation" signed by Sanchez). This petition was dismissed on July 23, 2004, and the Illinois Appellate Court affirmed on June 6, 2006. *See People v. Sanchez*, No. 1-04-2986 (1st Dist. Jun. 6, 2006) (unpublished order). Sanchez filed a PLA with the Illinois Supreme Court, which was denied on November 29, 2006. *See People v. Sanchez*, No. 103127 (Ill. Nov. 29, 2006) (unpublished order). As with his direct appeal, Sanchez did not file a petition for a writ of certiorari with the United States Supreme Court.

On October 22, 2007, Sanchez signed his federal habeas petition, which was filed with this court on October 29, 2007.

**Discussion**

A one-year statute of limitations applies to petitions for a writ of habeas corpus. 28 U.S.C. § 2244(d). The statute of limitations begins to run when the latest of several events occur, including the one applicable here: the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A). As noted above, the Illinois Supreme Court denied Sanchez's PLA in his direct appeal on January 28, 2004, and Sanchez did not file a petition for a writ of certiorari with the United States Supreme Court.

---

[1] In Sanchez's federal habeas petition, he alleges that he filed his state post-conviction petition on June 30, 2004. The court will use the earlier June 25, 2004, date as it is consistent with state court filings in Sanchez's post-conviction case, including an affirmation filed with the state court by Sanchez. In any event, for the reasons discussed in this order, Sanchez's federal habeas petition is untimely regardless of which date is correct.

For statute of limitation purposes, if a habeas petitioner does not seek certiorari, his direct appeal concludes ninety days after the state court of last resort denies relief. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2000). Thus, the one-year statute of limitations began to run ninety days after January 28, 2004, which is April 27, 2004. On April 27, 2004, the statute of limitations clock began ticking. Fifty-nine days then passed before Sanchez filed his state post-conviction petition on June 25, 2004.

Under § 2244(d)(2), a properly filed application for post-conviction relief tolls the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). Sanchez's state post-conviction petition thus stopped the statute of limitations clock, which remained stopped until November 29, 2006, when the Illinois Supreme Court denied Sanchez's PLA. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083-84 (2007) (when a petitioner does not file a petition for a writ of certiorari with the United States Supreme Court, the limitations period begins to run when the state court of last resort rules on the petitioner's post-conviction appeal); *Gildon v. Bowen*, 384 F.3d 883, 885-86 (7th Cir. 2001) (same).

At this point, Sanchez had used up fifty-nine days of the 365-day limitations period, so he had 306 days (365 minus 59) left in which to file a federal habeas petition. Sanchez, however, appears to have believed that he had a year after the Illinois Supreme Court denied his PLA in his state post-conviction case in which to file a federal habeas petition. Thus, on October 22, 2007 – 327 days after the conclusion of his state post-conviction proceedings – Sanchez mailed his federal habeas petition. Unfortunately for Sanchez, 327 days + 59 days = 386 days so Sanchez's petition is untimely.

Sanchez asks the court to overlook the statute of limitations problem because he is pro se and has only a limited education. The court construes this argument as a request for equitable tolling. This doctrine, if applicable, allows the court to reach the merits of a late § 2254 petition if it finds that before the statute of limitations ran (*i.e.*, before Sanchez used up his 365-day limitations period), the statute was tolled (*i.e.*, stopped).

To be entitled to equitable tolling, a habeas petitioner must show (1) that he has been pursuing his rights diligently; and (2) an extraordinary circumstance prevented him from filing his federal habeas petition on time. *See Lawrence v. Florida*, 127 S. Ct. at 1085. Mistakes in calculating the limitations period after the conclusion of state post-conviction proceedings do not constitute "extraordinary circumstances" even if a prisoner is unrepresented, as prisoners pursuing post-conviction relief have no constitutional right to counsel. *Id*. This is the situation here, as Sanchez made an mistake calculating the limitations period.

The court sympathizes with Sanchez's predicament: he is far from the first pro se litigant who has been confused by the tolling rules. Nevertheless, mistakes of law "that might not be obvious to an unrepresented prisoner . . . are not a basis for equitable tolling" even if they are reasonable. *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004); *see also Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) ("[m]istakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling. Indeed, permitting equitable tolling of a statute of limitation for every procedural or strategic mistake made by a litigant (or his attorney) would render such statutes of no value at all to persons or institutions sued by people who don't have good, or perhaps any, lawyers") (internal

citations and quotations omitted). The Seventh Circuit has explicitly held that this rule applies to pro se habeas corpus petitioners. *Williams v. Sims*, 390 F.3d at 963 (collecting cases).

Accordingly, the court finds that equitable tolling is unavailable. This means that the court has no choice but to find that Sanchez's § 2254 petition is untimely because it was filed after the one-year statute of limitations had expired. *See* 28 U.S.C. § 2244(d).

## Conclusion

For the above reasons, the respondent's motion to dismiss [#9] is granted and Sanchez's petition for relief under 28 U.S.C. § 2254 [# 1] is denied as time-barred. The clerk is directed to enter a Rule 58 judgment and to terminate this case from the court's docket.

DATE: May 20, 2008

Blanche M. Manning
United States District Judge

# United States District Court

## Northern District of Illinois

### Eastern Division

Juan Sanchez, Jr.                         **JUDGMENT IN A CIVIL CASE**

           v.                                        Case Number: 07 C 6099

Eddie Jones, et al.

☐      Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■      Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the respondent's motion to dismiss [#9] is granted and Sanchez's petition for relief under 28 U.S.C. § 2254 [# 1] is denied as time-barred.

Michael W. Dobbins, Clerk of Court

Date: 5/20/2008                      _____
                                             /s/ Robbie Hunt, Deputy Clerk

APPEAL, DENLOW, HABEAS, TERMED

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 3.2.1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:07-cv-06099
### Internal Use Only

| | |
|---|---|
| Sanchez v. Jones et al<br>Assigned to: Honorable Blanche M. Manning<br>Cause: 28:2254 Petition for Writ of Habeas Corpus (State) | Date Filed: 11/29/2007<br>Date Terminated: 05/20/2008<br>Jury Demand: None<br>Nature of Suit: 530 Prisoner: Habeas Corpus<br>Jurisdiction: Federal Question |

**Petitioner**

**Juan Sanchez, Jr.**
*United States of America ex rel.*

represented by **Juan Sanchez, Jr.**
R-09249
Pontiac - PON
P.O. Box 99
Pontiac, IL 61764
PRO SE

V.

**Respondent**

**Eddie Jones**
*Warden*

represented by **Erica R. Seyburn**
Illinois Attorney General's Office
100 West Randolph Street
Chicago, IL 60601
(312) 814-2139
Email: eseyburn@atg.state.il.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Service List**

represented by **Chief of Criminal Appeals**
Attorney General's Office
100 West Randolph - 12 Floor
Chicago, IL 60601
*ATTORNEY TO BE NOTICED*

**Notices to Prisoner Correspondence**
.
Email: Prison1_ILND@ilnd.uscourts.gov
*TERMINATED: 11/29/2007*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/29/2007 | 1 | RECEIVED Petition for Habeas Corpus Relief and 1 copies by Juan Sanchez, Jr. (tlm) (Entered: 10/30/2007) |
| 10/29/2007 | 2 | CIVIL Cover Sheet. (tlm) (Entered: 10/30/2007) |
| 10/29/2007 | 3 | MOTION by Plaintiff Juan Sanchez, Jr for leave to proceed in forma pauperis. (tlm) (Entered: 10/30/2007) |
| 10/29/2007 | 4 | POST MARKED envelope for initiating document by Juan Sanchez, Jr (Document not scanned) (aew, ) (Entered: 11/02/2007) |
| 10/30/2007 |  | MAILED a copy of the habeas petition to Chief of Criminal Appeals per certified mail No. 7001 1940 0000 1846 8759. (tlm) (Entered: 10/30/2007) |
| 11/29/2007 | 5 | MINUTE entry before Judge Blanche M. Manning : Petitioner, Juan Sanchez, Jr., has filed a petition for habeas corpus relief pursuant to 28 U.S.C. 22549 1 , and a motion to proceed in forma pauperis 3 . The Court grants Petitioner's motion to proceed in forma pauperis, Respondent is ordered to answer the petition or otherwise plead within 30 days from the date this order is entered on the docket. Mailed notices (gcy, ) (Entered: 11/30/2007) |
| 11/29/2007 | 6 | PETITION for writ of habeas corpus filed by Juan Sanchez, Jr against Eddie Jones. (gcy, ) (Entered: 12/03/2007) |
| 11/29/2007 | 8 | RETURN of U.S. Post Office receipt, Article number 7001 1940 0000 1846 8759. (gmr, ) (Entered: 12/04/2007) |
| 12/03/2007 | 7 | ATTORNEY Appearance for Respondent Eddie Jones by Erica R. Seyburn (Seyburn, Erica) (Entered: 12/03/2007) |
| 12/26/2007 | 9 | MOTION by Respondent Eddie Jones to dismiss *as time-barred* (Seyburn, Erica) (Entered: 12/26/2007) |
| 12/26/2007 | 10 | NOTICE of Motion by Erica R. Seyburn for presentment of motion to dismiss 9 before Honorable Blanche M. Manning on 1/8/2008 at 11:00 AM. (Seyburn, Erica) (Entered: 12/26/2007) |
| 12/26/2007 | 11 | INDEX of Exhibits cited in respondent's motion to dismiss 2254 Petition as time-barred by Eddie Jones (Exhibits). (tlm) (Entered: 12/27/2007) |
| 01/02/2008 | 13 | MOTION by Petitioner Juan Sanchez, Jr for appointment of counsel. (tlm) (Entered: 01/08/2008) |
| 01/07/2008 | 12 | MINUTE entry before Judge Blanche M. Manning : On respondent's motion to dismiss 9 , response due by 2/1/2008. If the petitioner fails to file a response by this date, the court will rule without the benefit of his views.Mailed notice (rth, ) (Entered: 01/07/2008) |
| 01/22/2008 | 14 | MINUTE entry before Judge Blanche M. Manning : Petitioner's motion for appointment of counsel 13 is denied without prejudice. The court will |

| | | |
|---|---|---|
| | | construe the pro se petitioner's pleadings liberally and will revisit this decision if warranted after the motion to dismiss is fully briefed.Mailed notice (rth, ) (Entered: 01/22/2008) |
| 02/05/2008 | 15 | REPLY by Petitioner Juan Sanchez, Jr. to the respondent's motion to dismiss 9 . (ef, ) (Entered: 02/07/2008) |
| 05/20/2008 | 16 | MINUTE entry before the Honorable Blanche M. Manning: The respondents motion to dismiss 9 is granted and Sanchezs petition for relief under 28 U.S.C. § 2254 1 is denied as time-barred. The clerk is directed to enter a Rule 58 judgment and to terminate this case from the courts docket. Enter Memorandum and Order. Civil case terminated. Mailed notice (rth, ) (Entered: 05/20/2008) |
| 05/20/2008 | 17 | MEMORANDUM and Order Signed by the Honorable Blanche M. Manning on 5/20/2008:Mailed notice(rth, ) (Entered: 05/20/2008) |
| 05/20/2008 | 18 | ENTERED JUDGMENT Signed by the Honorable Blanche M. Manning on 5/20/2008:Mailed notice(rth, ) (Entered: 05/20/2008) |
| 06/30/2008 | 19 | NOTICE of appeal by Juan Sanchez, Jr regarding orders 17 , 16 , 18 (ifp) (dj, ) (Entered: 07/02/2008) |
| 06/30/2008 | 20 | DOCKETING Statement by Juan Sanchez, Jr regarding notice of appeal 19 (dj, ) (Entered: 07/02/2008) |
| 06/30/2008 | 21 | MOTION by Petitioner Juan Sanchez, Jr for certificate of appealability (dj, ) (Entered: 07/02/2008) |
| 06/30/2008 | 22 | MOTION by Petitioner Juan Sanchez, Jr for leave to appeal in forma pauperis (dj, ) (Entered: 07/02/2008) |