**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **United States of America ex rel. JUAN SANCHEZ, JR.,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **07 C 6099** |
| | ) | |
| **EDDIE JONES, Warden,** | ) | |
| **Respondent.** | ) | |

**MEMORANDUM AND ORDER**

Pro se petitioner Juan Sanchez's motions for a certificate of appealability and for leave to proceed in forma pauperis on appeal are before the court.  For the following reasons, Sanchez's motion for a certificate of appealability is denied and his motion for leave to proceed in forma pauperis on appeal is granted.

**Discussion**

Under 28 U.S.C. § 2253(c)(2): "(1) [a] certificate of appealability may be issued only if the prisoner has at least one substantial constitutional question for appeal; (2) [t]he certificate must identify each substantial constitutional question; (3) [i]f there is a substantial constitutional issue, and an antecedent non-constitutional issue independently is substantial, then the certificate may include that issue as well; (4) [a]ny substantial non-constitutional issue must be identified specifically in the certificate; [and] (5) [i]f success on a non-constitutional issue is essential (compliance with the statute of limitations is a good example), and there is no substantial argument that the district judge erred in resolving the non-constitutional question, then no certificate of appealability should issue even if the constitutional question standing alone would have justified an appeal." *Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003).

The court's May 20, 2008, memorandum and order explains the basis for the court's conclusion that Sanchez's § 2254 petition is time-barred.  Sanchez's notice of appeal and accompanying motions are dated June 19, 2008, which is thirty days after the entry of the judgment on the docket.  In sum, as discussed in the May 20th order, Sanchez made a mistake calculating the limitations period and filed his federal habeas petition too late.  His motion for a certificate of appealability repeats arguments raised in response to the respondent's motion to dismiss.  First, he states that he did not understand the tolling rules and that his state court counsel did not explain these rules to him.  These claims are unavailing for the reasons set forth in the court's May 20th order.

Second, Sanchez contends that he learned to speak "fluent English" only after being arrested but Spanish is his first language and he thus needs to have legal matters communicated in Spanish to understand them fully.  *See* Docket No. 21 at 2 (motion for a certificate of appealability).  The court will assume that Sanchez's statement that he learned to speak "fluent English" while incarcerated is not literally true and that he has a limited grasp of spoken and written English.

The court begins by noting that it is well-established that prisoners have no constitutional right to counsel in post-conviction proceedings.  *Lawrence v. Florida*, 127 S.Ct. 1079, 1085 (2007); *Coleman v. Thompson*, 501 U.S. 722, 756-757 (1991).  Thus, Sanchez was not constitutionally entitled to post-conviction counsel at all, and thus cannot prevail on a claim that he should have received legal advice from a Spanish-speaking attorney in connection with the filing of his § 2254 petition.

Moreover, Sanchez's pleadings show that he filed his § 2254 petition late because he believed that the one-year clock started ticking upon the conclusion of his state court collateral proceedings, and did not take the gap between the end of his direct appeal and the filing of his state post-conviction petition into account. He does not claim that he did not know about the statute of limitations or that he was unable to secure translation assistance despite timely and diligent efforts to do so; he simply contends that he is pro se, has a limited education and limited literacy, and thus should be able to proceed despite his mistake. *See* Docket Nos. 15 (response to the motion to dismiss) & 21 (motion for a certificate of appealability). For the reasons discussed in the court's May 20th order, this justification is not enough to support equitable tolling. *See Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) ("[m]istakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling. Indeed, permitting equitable tolling of a statute of limitation for every procedural or strategic mistake made by a litigant (or his attorney) would render such statutes of no value at all to persons or institutions sued by people who don't have good, or perhaps any, lawyers") (internal citations and quotations omitted).

This conclusion is supported by the Seventh Circuit's decision in *Montenegro v. United States*, 248 F.3d 585, 589, 594 (7th Cir. 2001), *overruled on other grounds by Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001). In *Montenegro*, the Seventh Circuit held that a pro se prisoner who could "speak little English" and filed an untimely habeas petition was not entitled to equitable tolling due to the language barrier, his attorney's failure to respond to his letters, the prisoner's lack of legal knowledge, and delays caused by a transfer between prisons. *Id*. This case is binding on the court, and requires it to reject Sanchez's claim that his limited grasp of

English and his alleged resulting reliance on people who can translate for him entitles him to equitable tolling and thus excuses his untimely filing.

In addition, numerous other courts have rejected requests for equitable tolling based on language barriers. *See, e.g.*, *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (pro se status, illiteracy, and ignorance of the law do not justify equitable tolling); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("an inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims" so where a prisoner was able to access the courts with assistance, an "alleged lack of proficiency in English . . . is insufficient to justify an equitable tolling of the statute of limitations"); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (unfamiliarity with the legal process, illiteracy, and lack of access to counsel do not entitle a prisoner to equitable tolling); *see also Vasquez v. Kingston*, 422 F.Supp.2d 1006, 1010 (E.D. Wis. 2006) ("Vasquez's difficulties with English and his [prison] paralegal's unavailability . . . are not extraordinary circumstances entitling him to equitable tolling").

The court acknowledges, however, that the Second, Ninth, and Tenth Circuits have adopted a slightly more lenient approach, and have held that a habeas petitioner may be entitled to equitable tolling if he presents evidence of a "language deficiency" and "proof of independent and diligent effort to overcome [his] disabilities by alternative means." *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008); *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006) (a petitioner must demonstrate "at a minimum . . . that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source"); *Diaz v.*

*Kelly*, 515 F.3d 149, 154 (2d Cir. 2008) (a prisoner who does not speak fluent English has a "substantial obligation to make all reasonable efforts to obtain assistance to mitigate his language deficiency" so a prison's failure to provide a translator did not support equitable tolling when the appellants did not present evidence regarding their efforts to secure assistance in Spanish).

These cases are inapposite as they are inconsistent with the Seventh Circuit's approach. In any event, Sanchez has never intimated that he was unable to obtain any translation assistance despite diligent, consistent efforts to do so before the limitations period expired. Indeed, such a claim is belied by his pleadings in this case. Instead, Sanchez has argued that his error flowed from his pro se status, limited education, and lack of legal acumen. The Seventh Circuit has held that equitable tolling is not available based on these grounds. See *Montenegro v. United States*, 248 F.3d at 594; *see also Arrieta v. Battaglia*, 461 F.3d at 867.

The court thus finds that Sanchez's claim that he is entitled to equitable tolling based on the fact that English is not his first language is not persuasive. The court further finds that in light of the Seventh Circuit's pronouncements on equitable tolling and the straightforward nature of the statute of limitations calculation in this case, jurists of reason would not find that the court's ruling on the timeliness of Sanchez's petition is debatable. Accordingly, Sanchez's motion for a certificate of appealability is denied.

### Conclusion

Sanchez's motion for a certificate of appealability [#21] is denied. Because the court finds that Sanchez is indigent, his motion for leave to proceed in forma pauperis on appeal [#22]

is granted.  Sanchez should renew his motion for a certificate of appealability with the Seventh

Circuit.  The clerk is directed to forward a copy of this order to the Seventh Circuit.


DATE: July 9, 2008                           _Blanche M. Manning_
                                             Blanche M. Manning
                                             United States District Judge